[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11666
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00324-WSD-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP BRIAN JEFFERSON,
a.k.a. Phillip Jefferson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 29, 2011)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Phillip Jefferson appeals his conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The only issue on appeal is whether the evidence found in Jefferson's car after a traffic stop– including cocaine and a gun– should have been suppressed. The government argues that the search was properly conducted during a routine inventory search after the car was deemed "abandoned." Jefferson argues that the vehicle was not "voluntarily" abandoned because he left the car while fleeing to avoid the excessive use of force by the police officer.

The facts elicited at the suppression hearing indicated that Jefferson's vehicle was stopped by Richard Barthelemy, an officer with the Atlanta Police Department ("APD"), for speeding and driving with an expired tag. During the traffic stop, an altercation occurred between Jefferson and Barthelemy, and Jefferson fled the scene. Following Jefferson's flight, Barthelemy conducted an inventory search of the vehicle pursuant to an APD policy directing inventory searches to be performed on vehicles with expired tags abandoned on city streets. The search revealed the cocaine for possession of which Jefferson was convicted. On appeal, Jefferson argues that he did not abandon the vehicle. Rather, he argues that he had to flee due to Barthelemy's unreasonable use of force.

Rulings on motions to suppress involve mixed questions of fact and law.

2

*United States v. Ramos*, 12 F.3d 1019, 1022 (11th Cir.1994). Abandonment involves a factual issue which is generally reviewed under a clearly erroneous standard. *United States v. McKennon*, 814 F.2d 153 (11th Cir. 1987).

The government bears the burden of proving abandonment, and seizure of evidence may not be contested as violative of the Fourth Amendment if the evidence has been abandoned. *United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001). Evidence may be deemed abandoned upon an individual's relinquishment of possession or control over it. *Id*. at 1306-07. The critical inquiry in determining whether property has been abandoned is "whether the person prejudiced by the search . . . voluntarily discarded, left behind, or otherwise *relinquished his interest in the property* in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." *Ramos*, 12 F.3d at 1022 (quotations and citations omitted) (emphasis in original).

Although abandonment that is merely the product of police misconduct may not be voluntary, *United States v. Pirolli*, 673 F.2d 1200, 1204 (11th Cir. 1982), "[p]olice pursuit or the existence of a police investigation does not of itself render abandonment involuntary." *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973). Here, the magistrate judge found that Jefferson did not retain a

3

reasonable expectation of privacy in his vehicle because his flight from the scene was not prompted by an excessive use of force by the police officer. Rather, Jefferson's abandonment was deemed voluntary, even crediting Jefferson's version of events. The magistrate found that Barthelemy was authorized to: (1) order Jefferson to exit the vehicle; (2) take action to physically remove Jefferson when he failed to comply; and (3) use pepper spray when it became obvious that Jefferson was refusing to comply with Barthelemy's orders and was physically resisting. Further, the magistrate found that Jefferson had initiated the physical confrontation by pushing Barthelemy's arm out of the car window, and had continued physically resisting during the struggle to get out of the car. On this record, we find no clear error in the district court's finding that Jefferson abandoned his vehicle voluntarily, and not as a result of a police officer's excessive use of force.

We have held that police officers may carry out warrantless inventory searches of vehicles, provided that the search is conducted "pursuant to explicit and comprehensive procedures," such that officers have guidance in performing a task that is not an investigatory technique, but instead aims to protect individuals' possessions. *United States v. Williams*, 936 F.2d 1243, 1248 (11th Cir. 1991). The government must establish, first, that the officers had the authority to

impound the defendant's vehicle, and second, that the officers complied with departmental policy in conducting the search. *Id*. The reasonableness of an inventory search depends on the particular facts and circumstances. *United States v. Laing*, 708 F.2d 1568, 1571 (11th Cir. 1983).

Here, the inventory search of Jefferson's vehicle was conducted pursuant to an APD policy allowing for the impounding and inventorying of vehicles abandoned on city streets with expired tags. Accordingly, because Jefferson's abandonment of his vehicle was properly deemed voluntary, we affirm his conviction.

**AFFIRMED.**